VINCENT M. COSCINO (CA BAR NO. 122086)
THOMAS E. GIBBS (CA BAR NO. 93819)
RICHARD M. DINETS (CA BAR NO. 265197)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
1900 Main Street, Fifth Floor
Irvine, California 92614-7321
Phone:  (949) 553-1313
Fax:  (949) 553-8354
E-Mail:  vcoscino@allenmatkins.com
         tgibbs@allenmatkins.com
         rdinets@allenmatkins.com

*[Proposed] Attorneys for Debtor and Debtor in Possession*

AMY N. TIRRE (NV BAR NO. 6523)
LAW OFFICES OF AMY N. TIRRE
PROFESSIONAL CORPORATION
3715 Lakeside Drive, Suite A
Reno, Nevada 89509
Phone:  (775) 828-0909
Fax:  (775) 828-0914

*[Proposed] Attorneys for Debtor and Debtor in Possession*

E-FILED ON August 22, 2011

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CLEAR CREEK RANCH II, LLC,<br>a Nevada limited liability company,<br><br>        Debtor. | Case No. 11-52302-BTB<br><br>Chapter 11<br><br>**DEBTORS' AMENDED MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT TO FED. RULE BANKR. P. 1015(b) AND LOCAL RULE 1015(b)**<br><br>Hearing Date:  September 28, 2011<br>Hearing Time:  10:00 a.m.<br>Est. Time Req'd: 5 minutes |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

933766.03/OC

**TO THE HONORABLE BRUCE T. BEESLEY, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:**

Clear Creek Ranch II, LLC, a Nevada limited liability company ("CCR II"), and Clear Creek at Tahoe, LLC, a Nevada limited liability company ("CCT"), the debtors and debtors in possession herein (collectively, the "Debtors"), hereby move for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015(b) of the Local Rules of Bankruptcy Procedures for the District of Nevada (as amended, the "Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases and estates for procedural purposes only. In support of this motion, the Debtors respectfully represent as follows:

## FACTUAL BACKGROUND

### A. Commencement of the Case

On July 18, 2011 (the "Petition Date"), each Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no creditors' committee has been appointed by the Office of the United States Trustee.

### B. The Debtors

CCT was formed in 2007 for the purpose of developing a real estate project known as Clear Creek Ranch, located in Nevada, not far from Lake Tahoe (the "Project"). Today, CCT owns an interest in three developer entities, including CCR II, which own (or owned) various portions of the Project. CCR II was formed in 2008 to act as the developer of the residential portion of the Project. Although nominally a single-member LLC with CCT as its sole member, CCR II is in fact a joint venture between CCT and an individual named John Serpa, Sr. ("Serpa Sr.") and other persons and entities who are related to or affiliated with Serpa Sr. Additional information regarding the Debtors' operations and the events leading up to the

commencement of their respective cases are set forth in (1) the Declaration of Jim Taylor in Support of the Debtors' Motion for Order Directing Joint Administration of Related Chapter 11 Cases Pursuant to Fed. Rule Bankr. P. 1015(b) and Local Rule 1015(b) ("Taylor Decl."); (2) the Application of the Debtor and Debtor in Possession for Approval of its Employment of Allen Matkins Leck Gamble Mallory & Natsis LLP as Reorganization Counsel (the "Employment Application"); and (3) the complaint in the adversary proceeding captioned, "<u>Clear Creek Ranch II, LLC, et al. v. Nevada Friends, LLC, et al.</u>," Adv. No. 11-05075-BTB (the "Adversary Complaint").[1]

## JURISDICTION AND VENUE

The district court has jurisdiction over this matter under 28 U.S.C. § 1334.  This Court may hear this proceeding under Local Rule 1001(b)(1) and 28 U.S.C. § 157.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Debtors' chapter 11 cases and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Rules.

## RELIEF REQUESTED

By this motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

The Debtors also request that the caption of their chapter 11 cases be modified to reflect the joint administration of these chapter 11 cases substantially as follows:

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Chapter 11 |
| CLEAR CREEK RANCH II, LLC, et al. | **Jointly Administered under Case No. 11-52302-BTB** |
| ☐ Affects this Debtor only<br>☐ Affects all [both] Debtors<br>☐ Affects Clear Creek Ranch at Tahoe, LLC only | Case Nos:<br>11-52302-BTB<br>11-52303-BTB<br><br>Jointly Administered |

---

[1] The Taylor Declaration and the Employment Application are filed concurrently herewith, and the Taylor Declaration, Employment Application, and Adversary Complaint are incorporated herein by reference.

In addition, the Debtors request that the Court authorize and direct that a notation substantially similar to the following notation be entered on the docket for each of the Debtors to reflect the joint administration of these cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 11-52302 should be consulted for all matters affecting this case.

The Debtors also request that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

Separate Claims Registers.  The Debtors ask that the order of joint administration *not* provide for a single claims register.  Creditors should be required to identify specifically which debtor is liable, and a creditor seeking to hold both debtors liable should file two separate proofs of claim, one against each debtor.  (These requirements will be spelled out in the bar date notice.) The Debtors believe that maintaining separate claims registers will help the Court, the Debtors, and other parties in interest to track the claims more precisely.

## BASIS FOR RELIEF

Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates.  *See* Fed. R. Bankr. P. 1015(b).  Moreover, an order of joint administration pursuant to Bankruptcy Rule 1015(b) is a procedural device that "can lead to substantial efficiencies and savings of estate funds." 9 Collier on Bankruptcy (16th ed. rev. 2011) ¶ 1015.03; *see also* Fed. R. Bankr. P. 1015 Advisory Committee Note ("Joint administration . . . may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases rendering the process less costly."). As a consequence, joint administration is typical and appropriate in cases such as these, where affiliated corporations together have filed chapter 11 petitions:

> Joint administration is common when a consolidated group of corporations files for bankruptcy relief. Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliate's efforts.

9 *Collier, supra,* ¶ 1015.03.

The Taylor Declaration, filed simultaneously herewith, establishes that joint administration of these chapter 11 cases is warranted. The Debtors are affiliated companies as that term is defined in section 101(2) of the Bankruptcy Code and used in Bankruptcy Rule 1015(b). *See*, 11 U.S.C. § 101(2). In addition, the burdens on the Court, the Clerk of the Court, the Debtors, and parties in interest would be increased materially if these cases were not jointly administered and separate dockets were maintained for each Debtor. Given the connected nature of the Debtors' various operations and indebtedness, in the absence of joint administration virtually every paper filed in the case of CCR II likely would have to be duplicated and filed in the case of CCT, or vice versa. Joint administration will limit such duplication and, as a consequence, will promote the interests and convenience of all parties and will reduce the costs and expedite the administration of these cases.

Finally, the order of joint administration requested by the Debtors is not intended to and will not impair any substantive rights of the creditors or interest-holders of the Debtors because the relief requested is purely procedural in nature and in no way affects substantive rights. *See*, *e.g.*, *Reider v. Federal Deposit Insurance Corp.* (*In re Reider*), 31 F.3d 1102, 1109 (11th Cir. 1994) ("Joint administration is thus a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases. Used as a matter of convenience and cost saving, it does not create substantive rights.") (citation omitted); *Woburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 11 (1st Cir. 1992) ("[J]oint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates").

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, in substantially the form attached hereto as Exhibit A (a) authorizing the joint administration of the Debtors' cases; and (b) granting such other and further relief is proper.

Dated: August 22, 2011

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Vincent M. Coscino (CA Bar No. 122086)
Thomas E. Gibbs (CA Bar No. 93819)
Richard M. Dinets (CA Bar No. 265197)

and

LAW OFFICES OF AMY N. TIRRE

By:   /s/ Amy N. Tirre
     Amy N. Tirre (Bar No. 6523)
     Proposed Counsel for the
     Debtors and Debtors in Possession